UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY M. TOWNER,<br>   Petitioner,<br> v.<br>E. SILVA,<br>   Respondent. | Case No. 25-cv-06569-EKL<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 2 |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, regarding his resentencing in the Santa Cruz County Superior Court. Santa Cruz is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner also filed a motion to proceed in forma pauperis.

**I. BACKGROUND**

In 2001, petitioner pleaded no contest to second degree murder and robbery. *People v. Towner*, No. H051152, 2025 WL 586836, at *1 (Cal. Ct. App. Feb. 24, 2025). Petitioner was sentenced to a prison term of 15 years to life. *Id.* In 2020, petitioner filed a petition for resentencing pursuant to former California Penal section 1170.95, that was later amended and renumbered as section 1172.6. The trial court denied the petition, but the California Court of Appeal reversed and remanded the case for the issuance of an order to show cause and an evidentiary hearing. *Id.* On remand, the trial court denied the petition for resentencing. *Id.* at 3. The California Court of Appeal affirmed the denial of the petition, and the California Supreme Court denied review. *Id.* at 7; ECF No. 1 at 2.

**II.   DISCUSSION**

   **A.   Standard of Review**

A district court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

   **B.   Legal Claims**

Petitioner's arguments are somewhat confusing but he appears to raise the following claims regarding the resentencing hearing: (1) the trial court erred by considering former testimony before a grand jury and petitioner did not waive this claim; (2) the trial court erred by denying the petition partially based on a harmless error analysis regarding the admission of certain evidence; (3) the trial court violated his due process rights by deciding an unbriefed issue; (4) the trial court erred by admitting juvenile court testimony; (5) there was insufficient evidence to deny the resentencing petition; and (6) counsel was ineffective at the resentencing hearing. Liberally construed, these claims are sufficient to require a response.

**III.   CONCLUSION**

   1.   The motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

   2.   The Clerk shall serve electronically a copy of this order upon respondent and respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

   3.   Respondent shall file with the Court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

1  trial record that have been transcribed previously and that are relevant to a determination of the
2  issues presented by the petition.

3  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
4  Court and serving it on respondent within 28 days of his receipt of the answer.

5  4. In lieu of filing an answer, respondent may instead file a motion to dismiss on
6  procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
7  Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file
8  an opposition or statement of non-opposition within 28 days after the motion is served and filed,
9  and respondent must serve and file a reply to an opposition within 14 days after petitioner's
10 opposition is served and filed.

11 5. Petitioner is reminded that all communications with the Court must be served on
12 respondent by mailing a true copy of the document to respondent's counsel.

13 6. Petitioner must also keep the Court and respondent informed of any change of
14 address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must
15 comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of
16 this action without prejudice.

17 7. Upon a showing of good cause, requests for a reasonable extension of time will be
18 granted, provided they are filed on or before the deadline they seek to extend.

19 **IT IS SO ORDERED.**

20 Dated: November 17, 2025

Eumi K. Lee
United States District Judge