UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMY M. TOWNER,

Petitioner,

v.

E. SILVA,

Respondent.

Case No. 25-cv-06569-EKL

**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 11

Petitioner, a state prisoner, filed a *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his resentencing in Santa Cruz County Superior Court.  Respondent filed a motion to dismiss, arguing that the petition fails to state a cognizable claim for relief.  ECF No. 11 at 6.  Petitioner filed an opposition (ECF No. 18) and Respondent filed a reply (ECF No. 19).  For the reasons set forth below, the motion is granted.

## I.    BACKGROUND

In 2001, Petitioner pleaded no contest to second degree murder and robbery and admitted that he personally used a deadly weapon during the robbery.  Motion to Dismiss, ECF No. 11 ("MTD"), Ex. A at 1-3.  Petitioner was sentenced to a prison term of 21 years to life.  *Id*. at 3.  The judgment was affirmed on direct review.  *Id*. at 7.

On January 1, 2019, California Senate Bill 1437, codified at California Penal Code section 1170.95, became effective and provided "a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." *People v. Martinez*, 31 Cal. App. 5th 719, 722 (2019).  The change "significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill,

or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" *People v. Strong*, 13 Cal. 5th 698, 707-08 (2022).

In 2020, Petitioner filed a petition for resentencing under section 1170.95, renumbered in 2022 as section 1172.6, in the Santa Cruz County Superior Court. MTD, Ex. B at 1-2. The superior court denied the petition for failure to state a prima facie case for relief, but the California Court of Appeal reversed the order and remanded for an evidentiary hearing. *Id*. On remand, follow an evidentiary hearing, the superior court again denied the petition. *Id*., Ex. C at 2-6. The California Court of Appeal affirmed the decision. *Id*. at 1-2. The California Supreme Court denied review. *Id*., Ex. D.

Petitioner raises the following claims regarding the resentencing hearing: (1) the trial court erred by considering former testimony before a grand jury and Petitioner did not waive this claim; (2) the trial court erred by denying the petition partially based on a harmless error analysis regarding the admission of certain evidence; (3) the trial court violated Petitioner's due process rights by deciding an unbriefed issue; (4) the trial court erred by admitting juvenile court testimony; (5) there was insufficient evidence to deny the resentencing petition; and (6) counsel was ineffective at the resentencing hearing.

## II.    ANALYSIS

Federal courts shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Whether Petitioner is entitled to resentencing under section 1170.95 is a question of state law and is not cognizable on federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (no federal right to be released before the expiration of a valid sentence). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). The state court's determination that Petitioner is not eligible for relief under state law binds this federal

United States District Court
Northern District of California

court sitting in habeas corpus. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

In denying the petition, the superior court identified the evidence that demonstrated Petitioner was either the actual killer, or intentionally aided and abetted a murder, or was a major participant who acted with reckless indifference. MTD, Ex. C at 6. The superior court relied on that evidence in finding that Petitioner remained liable for murder under the current law. *Id*. The California Court of Appeal affirmed the finding and the California Supreme Court denied his petition seeking relief.

Even if the state courts misapplied section 1170.95 to deny relief, Petitioner does not present a federal habeas claim. Other district courts have reached the same conclusion and found that a state court's alleged misapplication of section 1170.95 does not present a federal habeas claim. *See*, *e.g.*, *Polk v. Parker*, No. 24-6460 VC, 2025 WL 1592675, at *2-3 (N.D. Cal. June 5, 2025) (dismissing section 1170.95 claim for failure to state a federal claim); *Nguyen v. Eaton*, No. 22-2656 BLF, 2023 WL 5310941, at *3 (N.D. Cal. Aug. 16, 2023) (same), *certificate of appealability denied*, No. 23-2431, 2024 WL 5485045 (9th Cir. Sep. 30, 2024); *Mays v. Montgomery*, No. 20-11614 PSG AFM, 2021 WL 2229082, at *3 (C.D. Cal. Apr. 22, 2021) (collecting cases), *certificate of appealability denied*, No. 21-55748, 2023 WL 9107328 (9th Cir. May 19, 2023). All of Petitioner's claims solely involve the resentencing hearing and fail to state a federal claim.

Nor does Petitioner's allegations that counsel was ineffective state a federal claim. Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings . . . a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

To the extent Petitioner argues that any state court errors violated due process, he is not entitled to relief. A state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate both sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S.

United States District Court
Northern District of California

3

40, 50 (1992). However, a habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). "[O]therwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." *Little v. Crawford*, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) (citation omitted).

The California Court of Appeal affirmed the denial of the resentencing petition, finding no error, and Petitioner has not shown – nor has the Court found – any state sentencing error that was so arbitrary and capricious that it violated due process. *See Harris v. Cisneros*, No. 22-0074 CRB, 2022 WL 1082015, at *3 (N.D. Cal. Apr. 11, 2022) (dismissing section 1170.95 claim because petitioner could not show state court's decision was arbitrary and capricious), *certificate of appealability denied*, No. 22-15715, 2023 WL 7450738 (9th Cir. Aug. 31, 2023).

In his opposition, Petitioner states that he does not challenge the denial of the resentencing petition, rather he is challenging his imprisonment since his arrest in 1998. ECF No. 18 at 1. To the extent Petitioner argues that this petition is challenging his underlying conviction, he is not entitled to relief. The claims specifically challenge the denial of the resentencing petition. ECF No. 1 at 2, 4-7, 18-39. The claims exhausted in state court only involved the resentencing hearing. MTD, Ex. C. He cannot challenge the underlying conviction in this petition.

### CONCLUSION

The motion to dismiss (ECF No. 11) is GRANTED, and the case is DISMISSED for failure to state a federal habeas claim. Because reasonable jurists would not find the result debatable, a certificate of appealability is DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Clerk is requested to enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 18, 2026

_____
Eumi K. Lee
United States District Judge

4